**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN COLON<br>610 Humphrey Court<br>Apt. 102<br>Harrisburg, PA 17109<br>Plaintiff,<br><br>v.<br><br>LAST MILE EXPRESS, LLC<br>1644 Haralson Drive<br>Mechanicsburg, PA 17055<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Complaint – Class Action<br><br>Civil Action No: ___________<br><br>**Jury Trial Demanded** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Brian Colon ("Plaintiff"), by and through his undersigned counsel, brings this Collective and Class Action Complaint ("Complaint") against Last Mile Express, LLC ("Defendant") and alleges, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, as follows:

## INTRODUCTION

1. This is a class and collective action brought on behalf of "Misclassified Employees" who work or have worked for Defendant and have been subjected to the unlawful practices detailed herein.

2. Defendant's main business operations include delivering packages via specific route of each of its drivers.

3. Defendant employs individuals as Delivery Drivers (collectively, "Misclassified Employees"), who are and/or were subjected to Defendant's unlawful pay practices.

4. As Delivery Drivers these employees were primarily responsible for making deliveries as assigned by Defendant.

5. As explained in detail below, Defendants' systematically and willfully deprived Plaintiff and Misclassified Employees of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.10, *et seq.*, by misclassifying them as independent contractors and failing to pay Plaintiff and Misclassified Employees mandated overtime wages at the rate of one-and-one-half times their regular rate of pay for all hours worked over forty (40) hours each work week.

6. As a result, Plaintiff and Misclassified Employees were illegally under-compensated for their work.

7. As a result of Defendant's improper and willful failure to pay Plaintiff and the Misclassified Employees in accordance with the requirements of the FLSA and the PMWA, Plaintiff and all Misclassified Employees ("The Classes") have suffered damages.

8. Plaintiff and the members of The Classes bring this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful, and improper conduct.

## PARTIES

9. Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

10. Plaintiff, Brian Colon, is a citizen of the United States and Pennsylvania, where he currently maintains a residence at 610 Humphrey Court, Apartment 102, Harrisburg, Pennsylvania 17109.

11. Defendant is a domestic limited liability company organized and authorized to conduct business under the laws of the Commonwealth of Pennsylvania, with a principal place of

business and registered office located at 1644 Haralson Drive, Mechanicsburg, Pennsylvania 17055.

12. At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this judicial district.

13. Defendant is a "private employer" who is estimated to engage in interstate commerce and/or has an annual volume of sales in excess of $500,000 and is therefore covered by the FLSA and the PMWA.

14. Plaintiff was an employee of Defendant during all relevant times hereto and, as such, is an employee entitled to the protections of the FLSA and the PMWA.

15. At all relevant times hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction. *See* 29 U.S.C. § 216(b).

18. This Court also has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331.

19. This Court also has supplemental jurisdiction over Plaintiff's state law claim because such claim arises out of the same nucleus of operative fact as his federal law claim.

20. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, Defendant resides in this district, and a substantial portion of the affected interstate commerce was carried out in this district.

21. Defendant is subject to the jurisdiction of this Court because, *inter alia*, Defendant (a) transacted business in this District, and (b) has substantial contacts within this District.

## FACTS

22. Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiff and the members of The Classes are, or were, Misclassified Employees employed by Defendant.

24. Plaintiff began his employment as a Delivery Driver on or around September 13, 2023, and was classified as an independent contractor, and the position was advertised as such.

25. Plaintiff worked for and reported to Defendant's location in Harrisburg, Pennsylvania.

26. Plaintiff's job duties included delivering packages during the day, averaging 43-52 stops per day with up to 178 packages to deliver in a day.

27. Defendant paid Plaintiff a per diem rate of $150 per day for each day worked, regardless of the number of hours worked, and Plaintiff was never paid any additional compensation for any hours over forty (40) worked in a work week.

28. Plaintiff would begin his work day at approximately 4 a.m, and was expected to work as many hours as needed until all of the packages were delivered, often working for ten (10) or more hours a day, five (5) days a week.

29. Plaintiff reported directly to Defendant's owner, Clayton Richardson ("Mr. Richardson").

30. Plaintiff did not have a specific timesheet but logged into an app once assigned and dispatched to a delivery route.

31. Plaintiff used a vehicle provided by Defendant, picking it up and dropping it off at Defendant's location daily.

32. Defendant also provided Plaintiff with a credit card by which to purchase fuel for the vehicle.

33. Plaintiff was required to perform the aforementioned work in accordance with specific protocols, instructions, training provided by Mr. Richardson and/or Defendant.

34. Defendant and/or Mr. Richardson directed Plaintiff with respect to the work he performed, the routes for his deliveries, and the schedule that Plaintiff would perform his work.

35. Defendant provided Plaintiff with tools that Plaintiff needed to perform his job duties.

36. Plaintiff had no opportunity for profit or loss through independent efforts.

37. Plaintiff and Defendant's working relationship was one of a permanent, open-ended relationship.

38. Plaintiff is bound by a non-compete agreement and a non-solicitation agreement.

39. Plaintiff did not manage others, nor did he have authority to hire or fire other employees.

40. The work that Plaintiff performed for Defendant was an integral part of Defendant's business operations.

41. Defendant did not keep track of Plaintiff's hours, timesheets, and/or logs of hours worked in each work week.

## CLASS/COLLECTIVE ALLEGATIONS

42. Paragraphs 1 through 41 are hereby incorporated by reference as though the same were fully set forth at length herein.

43. Plaintiff brings this lawsuit on behalf of himself and all other individuals employed by Defendant (or any affiliated company) in Pennsylvania as Delivery Drivers between September 13, 2023, and present.

44. Plaintiff and members of The Classes are similarly situated because they have the same job duties or similar job classifications, and were subject to the same business practices, payroll practices, and operating procedures.

45. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other collective members, having worked pursuant to the common policies and practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

46. Plaintiff will request that the Court authorize notice to all current and former similarly situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

47. Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and The Classes for claims arising under the PMWA.

48. Plaintiff's PMWA claim should proceed as a class action because, as alleged below, Federal Rule of Civil Procedure 23's class action requisites are satisfied with respect to the class members.

49. The claims arising under the PMWA may be pursued by all similarly situated persons who do not opt out of the PMWA Class pursuant to Federal Rule of Civil Procedure 23.

50. Upon information and belief, the members of The Classes are so numerous that joinder of all members is impracticable, numbering at least forty (40).

51. While the exact number of the members of The Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, the precise number of members of The Classes can be easily ascertained by Defendants, using Defendants' payroll and personnel records.

52. Defendants have acted or refused to act on grounds generally applicable to The Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to The Classes as a whole appropriate.

53. The claims of Plaintiff are typical of the claims of The Classes he seeks to represent. Plaintiff and the members of The Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

54. Common questions of law and fact exist as to The Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

A. Whether Defendants misclassified Plaintiff and the members of The Classes as Independent Contractors;

B. Whether Defendants accurately tracked and kept records of all hours worked by Plaintiff and the members of The Classes;

C. Whether Defendants have failed to pay Plaintiff and the members of The Classes overtime compensation at one-and-one-half times the regular rate of pay for each hour worked over forty (40) each work week; and,

D. Whether Plaintiff and the members of The Classes are entitled to damages, and if so, the means of measuring damages.

55. Plaintiff will fairly and adequately protect the interests of The Classes as his interests are aligned with those of the members of The Classes; Plaintiff has no interests adverse to The Classes he seeks to represent and has retained competent and experienced counsel.

56. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy, as the damages suffered by individual members of The Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of The Classes to individually seek redress for the wrongs done to them.

57. Plaintiff and The Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice, and custom regarding defendants pay practices.

58. Defendant has violated and continue to violate the FLSA and the PWA, and the foregoing conduct as alleged constitutes a willful violation of the same.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME**

59. Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

61. At all relevant times, Defendant has been, and continues to be, a single enterprise employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

62. At all relevant times, Plaintiff and each of the members of The Classes were misclassified as independent contractors rather than employees of Defendant.

63. At all relevant times, Defendant employed and/or continues to employ Plaintiff and each of the members of The Classes within the meaning of the FLSA.

64. Pursuant to Section 207(a)(1), all non-exempt employees must be compensated at a rate not less than one-and-one-half times their regular rate of pay for every hour worked over forty (40) hours in a work week.

65. Defendant failed to pay Plaintiff and each of the members of The Classes overtime compensation for all hours worked over forty (40) hours in a work week.

66. Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and each of the members of The Classes.

67. As a result, Defendant failed to pay Plaintiff and each of the members of The Classes overtime compensation for all hours worked over forty (40) in a work week at one-and-one-half times their regular rate of pay.

68. The foregoing actions of Defendant and the policies and practices of Defendants violate the FLSA.

69. Defendant has violated, and continue to violate, the FLSA.

70. Defendant’s actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

71. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Defendant is liable to Plaintiff and each of the members of the FLSA Class for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and the FLSA Class:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C § 216(b);

B. An Order from this Court ordering Defendants to file with this Court and to furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the statutory period covered by this Complaint in the position of Delivery Driver and/or in positions with similar job duties, and authorizing FLSA Class counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendants during the statutory period covered by this Complaint but were not paid overtime as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay the mandated overtime wages to Plaintiff and the FLSA Class for all hours worked over forty (40) in the work week;

E. Awarding Plaintiff and the FLSA Class liquidated damages in accordance with the FLSA;

F. Awarding Plaintiff and the FLSA Class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

G. Awarding pre- and post-judgment interest and court costs as further allowed by law;

H. Granting Plaintiff and the FLSA Class leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

I. An award for all additional general and equitable relief to which Plaintiff may be entitled as this Court may deem proper.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.101, *et seq.***
**FAILURE TO PAY OVERTIME**

73. Paragraphs 1 through 72 are incorporated by reference as though the same were set forth at length herein.

74. The PMWA provides that an employer must pay certain "minimum wages" to its employees. *See* 43 P.S. § 333.104.

75. The PMWA further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a work week. *See* § 333.104(c).

76. Plaintiff and the members of the PMWA Class were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things as described above, the fact that they regularly reported to and received directives from Defendant at its Mechanicsburg location, was supervised and subject to decision-making concerning the terms and conditions of employment by Defendant's Pennsylvania-based management, and worked for Defendant in Pennsylvania.

77. Defendant misclassified Plaintiff and the members of the PMWA Class as independent contractors instead of employees as defined by the PMWA. *See* § 333.103(h).

78. Defendant failed to pay Plaintiff and the members of the PMWA Class overtime compensation for all hours worked over forty (40) hours worked in a work week.

79. Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and the members of the PMWA Class.

80. By failing to pay Plaintiff and the members of the PMWA Class overtime at one-and-one-half times his regular rate of pay for all hours worked over forty (40) in a work week, Defendant has violated the provisions of the PMWA mandating overtime pay to non-exempt employees.

81. As a result of Defendant's unlawful acts, Plaintiff and the members of the PMWA Class have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorneys' fees pursuant to the PMWA.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and the PMWA Class:

A. An award to Plaintiff and the PMWA Class for the amount of unpaid overtime wages to which he is entitled, including interest thereon, and penalties subject to proof, pursuant to the PMWA;

B. An award to Plaintiff and the PMWA Class of reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the PMWA;

C. Awarding pre- and post-judgment interest and court costs as further allowed by law; and

D. An award to Plaintiff and the PMWA Class for all additional general and equitable relief to which they may be entitled as this Court may deem proper.

**JURY DEMAND**

82. Plaintiff and The Classes hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MARZZACCO NIVEN & ASSOCIATES**

By: */s/ Faith Pensinger*
Faith Pensinger, Esq.
945 East Park Drive, Suite 103
Harrisburg, PA 17111
TEL: (717) 231-1640
FAX: (717) 231-1650

Dated: September 12, 2025

**DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the members' of The Classes employment, to their potential claims and their claims to damages, to any defenses to same, including but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.